Forte v City of New York (2025 NY Slip Op 02571)

Forte v City of New York

2025 NY Slip Op 02571

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
PHILLIP HOM, JJ.

2023-02339
 (Index No. 705592/22)

[*1]Kenneth Forte, et al., respondents,
v
City of New York, et al., defendants, Hyre Car, Inc., appellant.

Michael E. Pressman, New York, NY (Gregory Jakubow of counsel), for appellant.
Decolator, Cohen & DiPrisco, LLP (Carolyn M. Canzoneri of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Hyre Car, Inc., appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), dated February 7, 2023. The order denied that defendant's motion for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Hyre Car, Inc., for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it is granted.
In March 2022, the plaintiffs commenced this action to recover damages for personal injuries they allegedly sustained in July 2021 when a vehicle occupied by the plaintiffs and a vehicle operated by the defendant Shamar Watson collided. The plaintiffs alleged, inter alia, that Watson was making deliveries for the defendant Grubhub, Inc., and that he had rented the vehicle he was operating from a nonparty vehicle owner by using a service provided by the defendant Hyre Car, Inc. (hereinafter Hyre Car), which connects the owners of vehicles with drivers wishing to rent a vehicle for use with transportation network companies and delivery services companies. In October 2022, Hyre Car moved for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it. The plaintiffs opposed the motion. In an order dated February 7, 2023, the Supreme Court denied Hyre Car's motion. Hyre Car appeals.
Contrary to the plaintiffs' contention, Hyre Car established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not own or maintain the vehicle operated by Watson during the collision and that Watson did not operate the vehicle as Hyre Car's employee or agent (see Murtazayev v Shalom Intl. Corp., 231 AD3d 1159). In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs did not submit an affidavit or other evidentiary material to rebut Hyre Car's prima facie showing (see Fieldman v Bambi Assoc., Inc., 231 AD3d 790).
Contrary to the plaintiffs' contention, Hyre Car's motion was not premature, as the plaintiffs failed to demonstrate that discovery might lead to relevant evidence or that facts essential to justify opposition to the motion were exclusively within Hyre Car's knowledge and control (see [*2]Sroor v Marziano-Fontana, 229 AD3d 581, 584).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court should have granted Hyre Car's motion for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it.
DUFFY, J.P., WOOTEN, WARHIT and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court